UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

VICENTE M. REYES,

                              Plaintiff,                                 DECISION AND ORDER

                                                                                 15-CV-6323L

                   v.

THE COLLEGE OF SCIENCE ADMINISTRATION
ROCHESTER INSTITUTE OF TECHNOLOGY,
DEAN SOFIA MAGGELAKIS,
GARY SKUSE,
Ex-Dept. Head of Biology interim,
RIT PROVOST JEREMY HAEFNER,

                              Defendants.
_____

VICENTE M. REYES,

                              Plaintiff,

                   v.                                                                    15-CV-6575L

COLLEGE OF SCIENCE ADMINISTRATION,
ROCHESTER INSTITUTE OF TECHNOLOGY,

                              Defendant.
_____

Plaintiff Vincente M. Reyes ("plaintiff") brings this action against his former employer, the Rochester Institute of Technology, and several of its employees, alleging, inter alia, race-based discrimination, harassment and retaliation in violation of 42 U.S.C. §1981 et seq.

Defendants now move to consolidate the instant action with a related case, *Reyes v. College of Science Administration, Rochester Institute of Technology*, 15-CV-6323. (Dkt. #5).[1] Plaintiff has opposed the motion, arguing that consolidation will only be helpful to the defendants. (Dkt. #9).[2]

Fed. R. Civ. Proc. 42(a) authorizes the consolidation of actions if they involve "a common question of law or fact." The Court has broad discretion in determining whether consolidation is appropriate. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir.), *cert. den.*, 498 U.S. 920 (1990). Factors typically considered in deciding whether to consolidate include the commonality of factual and legal questions, considerations of judicial economy, and whether consolidation will result in unfair prejudice or confusion for the parties. *See generally Consorti v. Armstrong World Indus., Inc.*, 72 F.3d 1003, 1006 (2d Cir. 1996).

I find that consolidation is appropriate here. Both cases arise out of an identical nexus of facts, and assert nearly identical claims against identical parties. The primary difference between the two cases is that 15-CV-6323 alleges some additional state law claims not included in the instant action (e.g., breach of contract), and further purports to allege violations of criminal law.[3] Given the vast similarities between the factual and legal assertions presented in the two

---

[1] Plaintiff's instant actions appear to rely upon factual and legal allegations similar to those presented in a prior matter, *Reyes v. College of Science Administration, Rochester Institute of Technology*, 14-CV-6023. Defendants moved to dismiss that case on statute of limitations grounds, and that motion was granted on October 9, 2014. *Reyes v. College of Sci. Admin., Rochester Inst. of Tech.*, 51 F. Supp. 3d 275 (W.D.N.Y. 2014). Subsequent to commencing that initial action, plaintiff filed the instant action, along with a nearly identical action in state court. The state court action was removed here by defendants, as 15-CV-6323.

[2] The Court notes that plaintiff's response (Dkt. #9) to the motion to consolidate was filed more than thirty days after the expiration of plaintiff's time to respond. Nonetheless, in the interest of justice and in deference to plaintiff's *pro se* status, the Court has reviewed and duly considered plaintiff's submission.

[3] The Court notes that as a civil litigant, plaintiff has no standing to prosecute criminal causes of action against the defendants in any event. *See e.g.*, *Townsend v. Public Storage Inc.*, 2014 U.S. Dist. LEXIS 60088 at *14-*15 (N.D.N.Y. 2014) (collecting cases and noting that a private citizen has no standing to bring an action to enforce criminal statutes).

complaints, I find that it is in the best interests of judicial economy, as well as the interests of the plaintiff and the defendants to avoid the needless burden and expense of duplicating their efforts, to consolidate the two matters.  I also note that both cases are in their infancy, with no discovery having taken place, and as such, consolidation of the two matters will cause no prejudice to either party, and will not only present no danger of confusion, but may alleviate potential confusion due to the overwhelming similarity between the two cases.

Defendants' motion (Dkt. #5) to consolidate the instant case with the related matter, 15-CV-6323, is hereby granted, and the two cases are hereby consolidated for all purposes.  As the Court has indicated previously (15-CV-6323, Dkt. #13), defendants must respond to the complaint in 15-CV-6323, or else to move to dismiss it, within thirty (30) days of entry of this Decision and Order.

Going forward, all filing and docketing for both matters is to be done under case number 15-CV-6323, which is now the main case.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       February 11, 2016.